UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EMAD ALABASI, et al., | ) | CASE NO. 1:19-cv-2390 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| CITY OF LYNDHURST, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On October 15, 2019, plaintiffs filed the present action in federal court, alleging civil rights violations and raising claims under federal and state law. (Doc. No. 1 Complaint ["Compl."].) Defendants filed a motion to dismiss (*see* Doc. No. 11), and, in response, plaintiffs amended the complaint. (Doc. No. 13 ["Am. Compl"].) Accordingly, the operative pleading in this case is the amended complaint.

Now before the Court is defendants' motion to dismiss the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. No 15 ["Mot."]). Plaintiffs oppose the motion (Doc. No. 17 ["Opp'n"]), and defendants have filed a reply (Doc. No. 18 ["Reply"]). For the reasons that follow, the motion is granted, and the claims in the amended complaint are dismissed.

1

## I. BACKGROUND

Plaintiffs, Emad Alabasi, an Iraqi immigrant, and Yana Alabasi, a Russian immigrant (collectively, "Alabasis" or "plaintiffs"), are residents of Lyndhurst, Ohio. (Am. Compl. ¶ 1.) They bring their action against defendants, the City of Lyndhurst ("City"), the City of Lyndhurst Police Department ("PD"), the City of Lyndhurst Fire Department ("FD"), John Doe Police Officers 1 through 5 ("Does PD"), and John Doe Fire Fighters 1 through 5 ("Does FD"), (collectively "defendants"). (*Id*. ¶¶ 2–5.) At all times relevant to the amended complaint, the John Doe defendants were employed by the City. (*Id*. ¶ 4–5.)

The claims relate to an incident that occurred on January 4, 2018. The factual allegations surrounding this incident are scant and are reproduced, *in toto*, herein:

> That on or about January 4, 2018, [p]laintiffs and their family were cooking on an outdoor grill at their home . . . in the City of Lyndhurst, Ohio.
>
> That, while [p]laintiff[]s['] were cooking outside, a John Doe Police Officer employed by the [d]efendant City of Lyndhurst and [d]efendant City of Lyndhurst Police Department arrived at [p]laintiff[]s['] home regarding a neighbor's complaint about [p]laintiff[]s['] cooking outdoors. Plaintiffs themselves did not call the police.
>
> That a John Doe Police Officer observed the [p]laintiffs cooking outdoors, made a brief inquiry with [p]laintiffs, then left [p]laintiff[]s['] residence.
>
> That shortly thereafter, numerous John Doe Police Officers employed by the [d]efendant City of Lyndhurst and [d]efendant City of Lyndhurst Police Department arrived at [p]laintiff[]s['] residence, along with numerous John Doe Firefighters employed by the [d]efendant City of Lyndhurst and [d]efendant City of Lyndhurst Fire Department.
>
> A John Doe Police Officer at the scene told [p]laintiffs that their food looked to be finished cooking. One or more John Doe Firefighters then extinguished [p]laintiffs' outdoor grill. Plaintiffs['] audio and video-recorded the incident.

> That [p]laintiffs were threatened by one or more John Doe Police Officers that, if they cooked outdoors again, they would be charged with a violation of City of Lyndhurst Municipal Code Section 642.12, Criminal Trespass.

(Am. Compl. ¶¶ 6–11.)

These factual allegations serve as the basis for two federal claims: (1) a claim under 42 U.S.C. § 1983; and (2) a national origin discrimination claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) ("*Monell* claim") (*Id.* at 72–73[1].) Plaintiffs also bring a state law claim for intentional infliction of emotional distress.

In their motion to dismiss, defendants assert that this Court lacks jurisdiction over the federal claims because they are untimely. (Mot. at 83.) Alternatively, defendants argue that the amended complaint must be dismissed with prejudice because each claim fails to meet the pleading requirements of Fed. R. Civ. P. 8. (*Id.* at 88.) The Court addresses the jurisdictional issue first.

## II.    SUBJECT MATTER JURISDICTION (FED. R. CIV. P. 12(B)(1))

### A.    Standard of Review

Federal Rule of Civil Procedure 12(b)(1) allows for the dismissal of claims for "lack of subject-matter jurisdiction[.]" Fed. R. Civ. P. 12(b)(1). Generally, Rule 12(b)(1) motions fall into two categories: facial attacks and factual attacks. Fed. R. Civ. P. 12(b)(1); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges the sufficiency of the pleading itself, while a factual attack challenges the factual existence of subject matter jurisdiction. *Id.* (citations omitted). This distinction is relevant to the manner in which the Court treats the facts alleged in the complaint. If the motion presents a facial attack, the Court must

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

3

take all of the material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Ritchie*, 15 F.3d at 598. In contrast, if the motion presents a factual attack, then the Court is free to consider extrinsic evidence and may weigh the evidence of its own jurisdiction without affording plaintiff the presumption of truthfulness. *Id*. In the present case, the motion presents a facial attack, so all material allegations in the complaint are construed in the light most favorable to the non-moving parties.

### B. Discussion

Because § 1983 does not have its own statute of limitations, courts borrow from the most relevant state statute of limitations for personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 275–80, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985). In Ohio, the relevant statute is Ohio Rev. Code § 2305.10, which provides for a two-year statute of limitations. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that Ohio Rev. Code § 2305.10 is "the appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio"). Thus, § 1983 claims arising in Ohio are time-barred if not brought within two years of the date of accrual. *See Bowles v. City of Cleveland*, 129 F. App'x 239, 243 (6th Cir. 2005).

A successfully pled § 1983 claim must include two elements: (1) that plaintiff has been deprived of a right secured by the "Constitution and laws" of the United States; (2) and that the deprivation was caused by a person acting "under color of any statute, ordinance, regulation, custom or usage, of any State or Territory." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 151, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). As originally pled, plaintiffs' § 1983 claim was brought generally against all defendants, which included the City, the FPD, the PD, and "John Doe defendants." (Doc. No. 1 ¶ 16 & case caption.) Defendants sought dismissal on the ground that

two of the defendants—the FPD and the PD—were not *sui juris*, that the City could not be held liable solely on a *respondeat superior* theory for the acts its employees, and that the only "persons" acting under color of state law were unidentified John Doe defendants. (Doc. No. 11 at 55–57.)

Plaintiffs responded to defendants' first dispositive motion by filing the amended complaint. The amended complaint clarifies that plaintiffs' § 1983 claim is brought against "[the City] and the other [d]efendants acting under color of state law…." (Am. Compl. ¶ 22.) The case caption was also revised to reflect that there are five John Doe firefighters and five John Doe police officers. (*Compare* Doc. No. 1 at 1 *with* Am. Compl. 68–69.) Defendants insist that these cosmetic changes did not cure the defects with this claim because plaintiffs still have not identified by name the unknown police officers and firefighters, and that the failure to identify these individuals within the limitations period is fatal to the § 1983 claim. (Mot. at 84–88.)

The acts giving rise to this claim occurred on January 4, 2018, so the § 1983 claim in the amended complaint filed January 20, 2020 would be untimely unless the amendments related back to the original complaint. Relation back for purposes of an amendment that adds the name of a new defendant against whom a claim is asserted is governed by Fed. R. Civ. P 15(c)(1)(C) and is only permitted: (1) if the new party "received such notice of the action that it will not be prejudiced in defending on the merits"; and (2) if the new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." If these elements are not satisfied and the law that supplies the applicable statute of limitations does not otherwise specifically permit relation back, then the amendment cannot relate back. *Id.*; *see also* Fed. R. Civ. P. 15(c)(1)(A).

Defendants contend that plaintiffs' "amendment" actually triggered a new cause of action that does not relate back to the original complaint for purposes of statutes of limitations. (Mot. at 85, citing, among authority, *United States ex rel. Statham Instruments, Inc. v. W. Cas. & Surety Co.*, 359 F.2d 521, 523 (6th Cir. 1966) (explaining that such an amendment "establishes a new and independent cause of action which cannot be maintained when the statute [of limitations] has run, for the amendment is one of substance rather than one of form and brings into being one not presently in the court").) Plaintiffs respond by suggesting that the "John Doe Officers" should have known based on the language of the original complaint, that they would be added, thus fulfilling the notice requirement of Fed. R. Civ. P. 15. (Opp'n at 105.)

Plaintiffs are correct that whether the addition of a new party "relates back" to the original complaint depends, in part, on whether the party being added knew or should have known that they should have been named as defendants. But plaintiffs overlook the second requirement of Rule 15(c)(1)(C); namely, that the proper parties would have been identified "*but for a mistake concerning the proper party's identity.*" Fed. R. Civ. P. 15(c)(1)(C)(ii) (emphasis added). *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541, 130 S. Ct. 2485, 177 L. Ed. 2d 48 (2010) (plaintiff, who knew of two potential parties but sued the wrong party and corrected the error only after the statute of limitations had expired, made a "mistake" under Rule 15(c)(1)(C)). Because plaintiffs were not mistaken as to the identity of the individual defendants, as that term is used in Rule 15(c)(1)(C), their amendment does not relate back.

It is well settled that the mere naming of a John Doe defendant does not toll the statute of limitations as to that person. *See Walker v. Miller*, No. 1:17-cv-2447, 2019 WL 1115699, at *2 (N.D. Ohio Mar. 11, 2019) (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (a civil

action never commences against a Doe defendant where the defendant is not identified by a real name or served with process)). Accordingly, courts, including the Sixth Circuit, have consistently held that amendments identifying John Doe defendants do not correct a mistake of fact and therefore cannot relate back under Rule 15(c)(1)(C). *See Heglund v. Aitkin Cty.*, 871 F.3d 572, 579–81 (8th Cir. 2017) (holding that Rule 15(c)(1)(C)'s reference to "mistake" did not encompass mistakes resulting from a lack of knowledge); *Scott v. Vill. of Spring Valley*, 577 F. App'x 81, 82–83 (2d Cir. 2014) (rejecting argument that the failure to sue individual officers within the statute of limitations was an excusable mistake); *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) (similar). Indeed, the Sixth Circuit has specifically held that failure to ascertain the identity of a party defendant within the governing limitations period is not a mistake that the relation-back protections of Rule 15(c) were designed to correct. *Smith*, 476 F. App'x at 69 (collecting cases).

In *Smith*, a plaintiff brought a § 1983 claim against the City of Akron, the Akron Police Department, and "John and Jane Doe Nos. 1–10[.]" *Id.* at 68. After the statute of limitations had run, plaintiff amended his complaint to replace the John Does with two named defendants. The court held that the amendment did not relate back to the original pleading because plaintiff "did not make a mistake about which defendant to sue; he simply did not know whom to sue or opted not to find out within the limitations period." *Id.* at 69 (holding that Rule 15(c) "allows relation back for the mistaken identification of defendants, not for defendants to be named later through 'John Doe,' 'Unknown Defendants' or other missing appellations") (collecting cases).

The facts in the present case are even less compelling than those before the Sixth Circuit in *Smith*. Here, even after amending the pleadings outside the limitations period, plaintiffs *still*

7

have not identified the John Doe defendants by name. Their failure to ascertain their names within the limitations period means that they failed to initiate a § 1983 action against any qualifying individual within the limitations period. *See Brumlow v. Hamilton Cty., Tenn.*, 1:15-cv-394, 2019 WL 613217, at *5 (E.D. Tenn. Feb. 13, 2019) ("Until the plaintiff files an amended complaint . . . that identifies a John Doe defendant by his true name, the John Doe allegations in the complaint are mere surplusage. A civil action is commenced against a John Doe defendant when the complaint is amended . . . to specifically name and identify that defendant by his true name and the plaintiff effects service of process upon that named defendant"). (internal citation omitted). Plaintiffs' § 1983 action, therefore, is time-barred and is dismissed. And because plaintiffs' *Monell* claim cannot survive without the underlying § 1983 claim, it, too, is subject to dismissal. *See McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 470–71 (6th Cir. 2006) (explaining that *Monell* liability under § 1983 requires prerequisite unconstitutional acts by a municipal employee).

### III.    FAILURE TO STATE A CLAIM (FED. R. CIV. P. 12(b)(6))

Defendants also seek dismissal of all of the claims in the amended complaint on the ground that they fail to state a claim upon which relief can be granted. *See* Fed. R. Civil P. 12(b)(6).

#### A.    Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct.

1955, 167 L. Ed. 2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 555, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts") (internal citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678–79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "The court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

  B. Discussion

With respect to plaintiffs' federal claims, defendants argue that the amended complaint fails to identify which constitutional rights defendants are alleged to have infringed. Further, defendants argue that the factual allegations—relating to the extinguishment of an outdoor grill and the threat of future criminal charges—fail to plausibly support either of their federal claims. (Reply at 112.)

1. § 1983 Claim

Plaintiffs have failed to meet the pleading requirements as defined by *Iqbal* with respect to their § 1983 claim. The only facts supplied by plaintiffs are that certain Does FD extinguished their outdoor grill without cause and that certain Does PD threatened to file a false charge against them. (Am. Compl. at 70.) Allegations of verbal harassment or rude behavior by officers do not establish a constitutional violation. *Logue v. United States Marshals*, No. 1:13-cv-348, 2013 WL 3983215, at *4 (S.D. Ohio Aug. 1, 2013) (collecting cases). Even threats of false arrests do not rise to the level of a cognizable constitutional claim. *Tauwab v. Barry,* No. 5:13-cv-2036, 2014 WL 4245967, at *4 (N.D. Ohio Aug. 25, 2014) (collecting cases) (dismissing plaintiff's case since his constitutional rights were not violated when he was threatened by police officers with a false arrest.). There were no other facts pled by plaintiffs that can create grounds for any alleged constitutional violations. Therefore, plaintiffs' § 1983 claim must be dismissed for the additional reason that it fails to state a claim upon which relief can be granted.

2. *Monell* Claim

Plaintiffs' other federal cause of action—a *Monell* claim—suffers from similar pleading deficiencies. To successfully assert a *Monell* claim, plaintiffs must adequately allege facts sufficient to establish: (1) "a clear and persistent" pattern of unconstitutional conduct by municipal employees; (2) the municipality's "notice or constructive notice" of the unconstitutional conduct; (3) the municipality's "tacit approval of the unconstitutional conduct, such that [its] deliberate indifference in [its] failure to act can be said to amount to an official policy of inaction"; and (4) that the policy of inaction was the "moving force" of the constitutional deprivation, such that the plaintiff's constitutional injury was directly caused by the

conduct of the municipality rather than simply by the conduct of the municipal employee. *D'Ambrosio v. Marino*, 747 F.3d 378, 387–88 (6th Cir. 2014) (citing *Doe v. Claiborne Cty.*, 103 F.3d 495, 508 (6th Cir. 1996)).

Defendants note that plaintiffs offer no particularized facts to support their conclusory allegation that defendants "had a policy or practice of harassing persons based on their national origin[.]" (*See* Am. Compl. ¶ 12.) Emphasizing that detailed factual allegations are not required to defeat a Rule 12(b)(6) motion, plaintiffs insist that the fact that they have asserted that they are immigrants and were mistreated by defendants is sufficient to withstand a Rule 12(b)(6) motion. (Opp'n at 104.)

"A policy or custom cannot be established solely by a single instance of an employee's alleged misconduct." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 401–02 (6th Cir. 2016) (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 433 (6th Cir. 2005)). Yet, plaintiffs offer nothing beyond the conclusory allegation of a policy or custom and the event in question to support their claim. Plaintiffs' allegation of a single instance of misconduct by a non-policy maker, even if it rose to the level of a constitutional violation, which it did not, would have been insufficient to support a *Monell* claim. *Thomas*, 398 F.3d at 432–33 (single incident of excessive force did not establish the existence of a policy of endorsing or condoning excessive force by officers) (internal quotations omitted). Defendants are entitled to dismissal of plaintiffs' *Monell* claim, as well, for this additional reason.

### 3. Intentional Infliction of Emotional Distress

The remaining cause of action purports to raise a claim for intentional infliction of emotional distress ("IIED") under Ohio law. (Am. Compl. ¶¶ 18–20.) Defendants maintain that

this claim must be dismissed because defendants are entitled to tort immunity under Ohio Rev. Code § 2744 and because it fails to state a claim upon which relief can be granted. Because the Court finds that the allegations fail to state a cause of action, it need not consider whether defendants would be entitled to immunity under Ohio law.

To prevail on an IIED claim under Ohio law, a plaintiff must prove: (1) the defendant intended to cause serious emotional distress, (2) the conduct of the defendant was extreme and outrageous, and (3) the conduct of the defendant was the proximate cause of the plaintiff's serious emotional distress. *Phung v. Waste Mgmt., Inc*., 644 N.E.2d 286, 289 (Ohio 1994); *see Yeager v. Local Union 20*, 453 N.E.2d 666, 671 (Ohio 1983) ("One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability[.]") (quoting Restatement (Second) of Torts § 46(1) (1965)).

"[T]o say that Ohio courts narrowly define 'extreme and outrageous conduct' would be something of an understatement." *Stewart v. Suarez Corp. Indus*., No. 5:15-cv-1425, 2015 WL 8272951, at *2 (N.D. Ohio Dec. 8, 2015) (quoting *Baab v. AMR Servs. Corp*., 811 F. Supp. 1246, 1269 (N.D. Ohio 1993)); *see Simpkins v. Specialty Envelope, Inc*., 94 F.3d 645 (Table), 1996 WL 452858, at *8 (6th Cir. Aug. 9, 1996) (recognizing that "[i]t is very difficult to show that one has been subjected to the tort of the intentional infliction of emotional distress"). "It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." *Flagg v. Staples the Office Superstore E., Inc*., 138 F. Supp. 3d 908, 920 (N.D. Ohio 2015) (quoting *Yeager*, 453 N.E.2d at 671). "Only conduct that is truly outrageous,

intolerable, and beyond the bounds of decency is actionable; persons are expected to be hardened to a considerable degree of inconsiderate, annoying, and insulting behavior." *Stewart*, 2015 WL 8272951, at *2 (quoting *Petrarca v. Phar-Mor. Inc*., No. 2000-T-0121, 2001 WL 1117015 (Ohio Ct. App. Sept. 21, 2001) (further citation omitted)).

Here, plaintiffs' allegations of verbal abuse and threats, along with the act of extinguishing an outdoor grill, are not "so outrageous in character" as to go "beyond the bounds of decency[.]" *See Watkins v. City of Southfield*, 221 F.3d 883, 890 (6th Cir. 2000) (addressing claim brought under similar Michigan law, and finding that the fact that officers "harassed, intimidated, and verbally assaulted" the plaintiff did not establish a claim for IIED); *see, e.g., Strausburg v. Warren Cty. Bd. of Comm'rs*, No. 1:05-cv-284, 2006 WL 2934080, at *5 (S.D. Ohio Oct. 12, 2006) (allegations that police threatened to remove plaintiff's daughter from her home if she did not consent to search of the premises, even if true, were not "outrageous" under Ohio law), *impliedly overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). Plaintiffs' amended complaint fails to satisfy the second element of an IIED claim.

Additionally, beyond the conclusory allegation that they "have suffered injury, damage, and loss" (*see* Am. Compl. ¶ 20), plaintiffs have not alleged any facts that would establish that they have sustained emotional distress as the result of defendants' conduct. To state an IIED claim, the alleged emotional distress must be serious. *See Paugh v. Hanks*, 451 N.E.2d 759, 765 (1983). The seriousness goes "beyond trifling mental disturbance, mere upset or hurt feelings." *Id*. (quotation marks and citation omitted). The emotional injury must be "both severe and debilitating[,]" such that a reasonable person "would be unable to cope adequately with the

13

mental distress engendered by the circumstances of the case." *Id*.

Plaintiffs have pled no additional facts that show that they have suffered emotional distress that is both severe and debilitating. Indeed, there are no factual allegations illuminating the nature of the emotional distress or the manner in which it was experienced. While heightened factual allegations are not required, *Iqbal*, 556 U.S. at 677–79 (citing *Twombly*, 550 U.S. at 555), "something more than merely reciting the elements of the claim is not only required, but it is necessary." *Swartz v. DiCarlo*, No. 1:12-cv-3112, 2014 WL 4955801, at *3–4 (N.D. Ohio Sept. 29, 2014) (allegation that the plaintiff had suffered "severe emotional distress", without more, was insufficient to state a claim for IIED under Ohio law).

Because plaintiffs have failed to successfully plead a claim for IIED under Ohio law, it is subject to dismissal under Rule 12(b)(6).[2]

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED. Plaintiffs' amended complaint is DISMISSED WITH PREJUDICE, and this case is closed.

**IT IS SO ORDERED**.

Dated: September 8, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiffs have already amended their pleading once, and they have not identified any additional facts at their disposal that, if pled, would permit them to state a cause of action against defendants. For this reason, the Court need not *sua sponte* afford them an additional opportunity to amend. *See Simon v. Belwith Int'l, Inc*., 3 F. App'x 363, 365 (6th Cir. 2001) (where previous amendments have been allowed, the Court need not *sua sponte* allow further amendments); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) (the Court may deny leave to amend when such amendment would be futile).