**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EMAD ALABASI, et al., | ) | CASE NO. 1:19-cv-2390 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| CITY OF LYNDHURST, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court for consideration of the motion of plaintiffs, Emad and Yana Alabasi, to proceed with their appeal without prepayment of fees (*in forma pauperis*) and application and affidavit in support thereof. (Doc. No. 22 ["Mot."]; Doc. No. 22-1 ["App./Aff."].) For the reasons that follow, the motion to proceed *in forma pauperis* on appeal is DENIED.

I. **BACKGROUND AND STANDARD**

On October 15, 2019, plaintiffs filed the present civil rights action against defendant City of Lyndhurst and other entities and individuals. (Doc. No. 1 (Complaint).) On September 8, 2020, the Court granted defendants' motion to dismiss. (Doc. No. 19 (Memorandum Opinion and Order ["MOO"]); Doc. No. 20 (Judgment Entry ["JE"]).) In dismissing the complaint, the Court found that the federal claims were time-barred and that all claims failed to state a cause of action under Fed. R. Civ. P. 8. (*Id.*) Plaintiffs filed a notice of appeal from the Court's decision on October 7, 2020 (*see* Doc. No. 21 ["NOA"]) and filed the instant motion on December 1, 2020.

To ensure access to the courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948), set forth the legal standard governing applications to proceed *in forma pauperis*. The *Adkins* Court advised that a person did not need to be "absolutely destitute to enjoy the benefit of the statute." *Id*. Furthermore, the statute does not require an individual to "contribute … the last dollar they have or can get[.]" *Id*. The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id*. Rather, what is required is a demonstration via affidavit that "because of his poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id*. Courts evaluating applications to proceed *in forma pauperis*, generally consider an applicant's employment, annual income and expenses, and any other property or assets of the individual. *Cognetto v. Comm'r of Soc. Sec.*, No. 14-10006, 2014 WL 358465, at *1 (E.D. Mich. Jan. 31, 2014) (citing *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006)).

  **II.**  **ANALYSIS**

    **A.**  **Ability to Pay**

Here, while plaintiffs indicate that their income has been reduced due to restrictions associated with the COVID-19 pandemic, the information set forth in their *in forma pauperis*

application does not demonstrate an inability to pay.[1] Rather, the application provides that plaintiffs' current combined monthly income still exceeds their expenses by approximately $530.00. *See Behmlander v. Comm'r of Soc. Sec*., No. 12-14424, 2012 WL 5457383, at *1 (E.D. Mich. Nov. 13, 2014) (denying motion to proceed *in forma pauperis* where plaintiff's affidavit revealed that her household income exceeded reasonable monthly expenses); *Bassett v. Chrysler Ret. Bd*., No. 14-cv-14311, 2014 WL 6085686, at *1 (E.D. Mich. Nov. 13, 2014) (same).

Furthermore, plaintiffs state that they have approximately $8,000.00 in a joint checking account and two vehicles valued at $10,000.00. (App./Aff. at 135.) Federal courts have consistently considered "other financial resources" in determining a litigant's ability to pay. *Ciavarella v. Comm'r of Soc. Soc*., No. 5:13-cv-2031, 2013 WL 5354091, at *1 (N.D. Ohio Sept. 24, 2013). It does not appear, therefore, that the cost of appealing the instant matter is beyond plaintiffs' means. For this reason alone, plaintiffs' motion is denied.

### B. Good Faith

Additionally, the United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Title 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

---

[1] Specifically, the application and affidavit indicate that, prior to the pandemic, plaintiff Emad Alabasi's monthly income included $1,800 associated with earnings from gambling, which has recently been replaced with $800.00 in monthly unemployment benefits. (App./Aff. at 134–35, all page numbers refer to the page identification number generated by the Court's electronic docketing system.) They further aver that this lost income may be recovered once the restrictions placed on casinos are lifted. (*Id*. at 137.)

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). The test under § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id*. The same considerations that led the Court to dismiss plaintiffs' complaint—the fact that the federal claims are time-barred and that all of the claims, even if the allegations therein are accepted as true, fail to state a claim upon which relief can be granted—compel the conclusion that an appeal would not be taken in good faith. (*See* MOO at 118–22, 123–28.)

### III. CONCLUSION

Considering the foregoing, the Court finds that plaintiffs have not demonstrated that, because of their poverty, they are unable to pay for the costs of appeal and still provide for themselves. Further, the Court certifies that an appeal from the Court's decision dismissing the complaint could not be taken in good faith. Therefore, plaintiffs' motion to proceed on appeal *in forma pauperis* (Doc. No. 22) is **DENIED**. Plaintiffs are **ORDERED** to pay the required filing fee within **FOURTEEN (14) DAYS** of this Order if they intend to proceed with their appeal.

**IT IS SO ORDERED**.

Dated: December 8, 2020

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**